UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

RODNEY WELLS,                          :
         Petitioner,              :           No. 2:15-mc-00035
    v.                                :
                                         :
BEN VARNER,                            :
         Respondent.              :
_____

**MEMORANDUM**
Petition for Relief, ECF No. 1- Dismissed

**Joseph F. Leeson, Jr.**                                                                                **April 12, 2016**
**United States District Judge**

I.        **INTRODUCTION**

        On January 28, 2015, Petitioner filed a "Petition for Declaratory Judgment and Injunctive Relief Based on Violation of Due Process, Documents/Evidence that was used to Convict and Sentence Petitioner to a Life Sentence and Continues to Remain under State Court Seal for Over 29 Years."  Pet., ECF No. 1.  For the reasons set forth herein, the petition is dismissed.

II.       **BACKGROUND**

        A.        **Claim for Relief**

        Petitioner seeks declaratory judgment and injunctive relief because evidence used to convict him of murder and other crimes, including a violation of the Pennsylvania Corrupt Organizations Act ("PCOA"), 18 Pa. Cons. Stat. § 911, has remained under state court seal for over twenty-nine years.  See Commonwealth v. Wells, CP-51-CR-0734932-1985 (Ct. Com. Pl. Phila. Cty filed Aug. 1, 1985).  Petitioner alleges that denying him access to the sealed grand jury documents violates Brady v. Maryland, 373 U.S. 83 (1963), his due process and equal protection rights under the Fourteenth Amendment, and his right to obtain witnesses pursuant to

1

the Sixth Amendment. He contends that the allegedly sealed documents do not exist, and that his PCOA charge is therefore fraudulent, and further that the presentation of false testimony at his trial constituted deliberate indifference to his right to obtain witnesses in violation of the Sixth Amendment. Petitioner alleges that these actions have caused permanent harm to his liberty for which he will suffer physical and emotional harm for the remainder of his life and constitute cruel and unusual punishment in violation of the Eighth Amendment. He claims that because Respondent has not allowed him to access the evidence, he has been denied due process, access to the courts, and equal protection under the First, Fifth, and Fourteenth Amendments. He avers that the failure to provide a procedure by which he may obtain the sealed documents constitutes deliberate indifference in violation of the First, Fifth, and Fourteenth Amendments. Petitioner also asserts the state tort of negligence. Petitioner requests, inter alia, immediate access to the sealed grand jury records.

### B. Procedural History

Petitioner was convicted in the Philadelphia County Court of Common Pleas of two separate murders occurring in 1983, one of which is directly at issue here. See Wells, CP-51-CR-0734932-1985 (convicted March 7, 1986). See also Commonwealth v. Wells, CP-51-CR-0119461-1985 (Ct. Com. Pl. Phila. Cty. filed January 22, 1985).

This is Petitioner's eighteenth case in this Court arising from his two murder convictions in the Pennsylvania state courts in 1985 and 1986. He has filed at least seven prior actions specifically challenging, or seeking documents relating to, the conviction at issue here. In the instant Petition, he outlines several of his unsuccessful attempts in both the state and federal courts, dating back to 1993, to obtain grand jury documents from the state criminal case. Pet. 5-

10. A few years ago, the Third Circuit Court of Appeals summarized his litigation history as

follows:

> Wells is a Pennsylvania state prisoner. He was convicted in 1985 of murder and other crimes, including violation of the Pennsylvania Corrupt Organizations Act ("PCOA"), 18 Pa. Cons. Stat. § 911. The trial court sentenced him to life imprisonment on the murder conviction and consecutive terms of imprisonment on some of his others, but it suspended his sentence for the PCOA conviction. Wells has challenged these convictions in numerous state and federal proceedings over the years to no avail.
>
> One of the ways he has done so has been by filing federal civil actions under 42 U.S.C. § 1983, including the one at issue here. Wells has asserted that personnel in the Philadelphia District Attorney's Office committed various kinds of misconduct, including misconduct in connection with the Grand Jury, and that such misconduct requires production of sealed Grand Jury records that Wells alleges he could use to attack his convictions. Wells filed one such suit in 2004 (E.D. Pa. Civ. No. 04-cv-0605), but the District Court dismissed it and Wells did not appeal. He filed another such suit in 2006 (E.D. Pa. Civ. No. 06-cv-01710). The District Court dismissed that suit as well, and we dismissed Wells' appeal under 28 U.S.C. § 1915(e)(2)(B). See Wells v. King, 232 F. App'x 148 (3d Cir. 2007). We explained that Wells' claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), to the extent that they challenge the validity of his undisturbed criminal convictions. See Wells, 232 F. App'x at 149. We also explained that his claims are barred by prosecutorial immunity and otherwise lack merit. See id. at 149-50. We have since affirmed the dismissal of another similar complaint as well. See Wells v. Dist. Attorney's Office of Phila. Cnty., 266 F. App'x 187, 188 (3d Cir. 2008).[1]
>
> In addition to filing these suits, Wells has filed numerous federal habeas petitions. The District Court denied his first habeas petition in 2003. We granted a certificate of appealability on whether Wells had shown his actual innocence of

---

[1] The Third Circuit Court of Appeals held:

> To the extent that he specified a violation -- the alleged deprivation of exculpatory evidence -- he faces a Catch 22. To succeed on such a claim under § 1983, he would have to show that Defendants deprived him of material, exculpatory evidence. See Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). However, if he made such a showing, it would imply the invalidity of his conviction and bar him from relief. See Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Accordingly, the District Court properly dismissed Wells's complaint for failure to state a claim.

Wells, 266 F. App'x at 188-89.

>   the PCOA charge in light of the Pennsylvania Supreme Court's subsequent interpretation of the PCOA. See Wells v. Varner, 392 F. App'x 914, 916 & n.4 (3d Cir. 2010). We ultimately decided that we could not answer that question, however, because Wells' suspended sentence on the PCOA conviction means that he is not and never will be "in custody" pursuant to that conviction for habeas purposes. See id. at 917-19. We affirmed the District Court's denial of habeas relief for that reason. See id. at 919.
>
>   Wells later filed the suit at issue here.[2] He again styled his complaint as one under § 1983 and again sought documents relating to alleged misconduct in connection with the Grand Jury as to his PCOA charge. He also asserted that this Court's ruling as to his PCOA conviction in his habeas appeal means that Heck no longer applies to that charge. The District Court docketed the complaint as a miscellaneous action, directed the defendant to respond, then dismissed it under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) by order entered August 12, 2011. Wells appeals.

Wells v. Office of the Dist. Attorney, 468 F. App'x 180, 180-82 (3d Cir. 2012). On May 29, 2012, the Third Circuit Court of Appeals affirmed the judgment of the district court, holding that its earlier ruling on Wells' habeas appeal did not "change the landscape" because regardless of Heck, Wells' Section 1983 claims are barred by prosecutorial immunity and otherwise lack merit. Id.

The instant petition was filed on January 28, 2015. Petitioner seeks a declaratory judgment that Respondent violated his constitutional rights by withholding Brady evidence and by presenting false testimony at his trial and injunctive relief in the nature of the immediate release of the sealed grand jury documents. Although filed as a miscellaneous action, Petitioner

---

[2] Petitioner also unsuccessfully attempted to challenge his state court conviction through a Hazel-Atlas motion, on the theory that it was being procured through fraud based on the sealed grand jury documents. See Wells v. King, 340 F. App'x 57, 58 (3d Cir. 2009) (affirming the rejection of Wells' Hazel-Atlas motion because "a federal court does not have inherent power to vacate a federal criminal conviction procured by fraud" (citing United States v. Washington, 549 F.3d 905, 917 (3d Cir. 2008))).

asserts that the Court has jurisdiction to grant declaratory judgment and injunctive relief under 42 U.S.C. § 1983.[3]

## III. ANALYSIS

### A. Petitioner's claims are not cognizable under 42 U.S.C. § 1983.

In support of his argument that the Court has jurisdiction over his petition under 42 U.S.C. § 1983, Petitioner cites Harvey v. Horan, 119 F. Supp. 2d 581, 584 (E.D. Va. 2000). In Harvey, the United States District Court for the Eastern District of Virginia determined that because the plaintiff did not seek release from confinement or to challenge his conviction, his claims seeking access to evidence for DNA testing stated a due process claim that could be raised under 42 U.S.C. § 1983. Id.

However, the case was reversed and remanded by the Fourth Circuit Court of Appeals, which concluded that because the plaintiff sought access to evidence, his claim constituted a successive petition for a writ of habeas corpus and could not be brought without leave of court. See Harvey v. Horan, 278 F.3d 370, 373 (4th Cir. 2002). Almost ten years later, the United States Supreme Court addressed the question again and determined that a request for DNA testing could be raised under Section 1983 because the results would not necessarily undermine the criminal conviction. See Skinner v. Switzer, 562 U.S. 521 (2011). But, the Court distinguished between a request for DNA testing and Brady claims, which "have ranked within the traditional core of habeas corpus and outside the province of § 1983." Id. at 536.

Here, Petitioner claims that the sealed grand jury evidence is being withheld in violation of Brady, which necessarily calls his state court conviction into question and must be asserted in a habeas corpus petition. Consequently, the Court does not have jurisdiction to address

---

[3] Petitioner cites "28 U.S.C. § 1983," but there is no such statute. It is clear from the Petition that he intended to cite to 42 U.S.C. § 1983.

5

Petitioner's claims under 42 U.S.C. § 1983.  See id; Wells, 266 F. App'x 187 (summarily affirming the district court's decision to dismiss Wells' § 1983 complaint seeking, inter alia, the affidavit presented to the grand jury and the grand jury presentment).  The Petition is dismissed without leave to amend.  See Tindell v. Pennsylvania, 398 F. App'x 696, 698 (3d Cir. 2010) (finding that the district court was correct to dismiss the Section 1983 complaint without leave to amend because the plaintiff "advances no cognizable § 1983 claim but is instead asserting a claim that properly lies within the realm of habeas corpus").

> **B. Even if the Court had jurisdiction to consider the Petition under 42 U.S.C. § 1983, Petitioner's claims fail as a matter of law.**

The only party named in the instant action is Ben Varner, who has held various superintendent positions with the Pennsylvania Department of Corrections ("DOC").  However, his name appears only in the caption of the case and there are no allegations of his personal involvement.  See Goode v. Lackawanna Cty. Prison, No. 3:16-cv-0183, 2016 U.S. Dist. LEXIS 20159, at *4-5 (M.D. Pa. Feb. 19, 2016) (dismissing the Section 1983 complaint against an individual named only in the caption of the complaint because there were no allegations that he was personally involved in the alleged wrongs).  Further, there is no indication that Mr. Varner was in any way involved with Petitioner's murder trial or the decision to seal the grand jury documents.  Mr. Varner is therefore dismissed from the case and allowing leave to amend would be futile.  See Tindell, 398 Fed. Appx. at 698 (finding that an amendment would be futile because the plaintiff could not hold the secretary of the DOC and other prison supervisors liable under Section 1983 for allegedly holding him beyond his maximum term of incarceration).

Under a liberal reading of the Petition, see Haines v. Kerner, 404 U.S. 519 (1972), the Court could find that Petitioner also intended to name as parties to this action Assistant District Attorney Roger E. King, who presented the murder case to the grand jury, and the Honorable

Victor J. Dinubile, who presided over the grand jury proceedings. However, both persons are entitled to immunity. See Wells v. King, 232 F. App'x 148, 150 (3d Cir. 2007) (affirming the district court's decision to dismiss Wells' civil rights complaint against Assistant District Attorney Roger King because, inter alia, "prosecutorial immunity applies"); Rashid v. Monteverde & Hemphill, No. 95-2449, 1997 U.S. Dist. LEXIS 8870, at *20 (E.D. Pa. June 24, 1997) (determining that the civil rights claims against the presiding judge were barred by the doctrine of judicial immunity because the challenged events occurred while the judge was acting within his judicial power). Additionally, as the Third Circuit Court of Appeals has already explained, Petitioner's § 1983 claims pursuant to Brady are barred by Heck. See Wells, 266 F. App'x at 188-89. Accordingly, even if the Court had jurisdiction under Section 1983, Petitioner fails to allege sufficient facts that would state a federal civil rights claim.[4]

Moreover, while Petitioner asserts that jurisdiction is based on § 1983, he filed his Petition as a miscellaneous action in an apparent attempt to avoid pre-paying the filing fees. In 2011, Petitioner was advised that because he had three or more federal court actions dismissed as frivolous, malicious, or for failure to state a claim, that he had to prepay the requisite filing fees. See Wells v. Office of the Dist. Attorney, 2011 U.S. Dist. LEXIS 39513 (E.D. Pa. Apr. 11, 2011) (denying the motion to proceed in forma pauperis).[5]

---

[4] The Court will not exercise supplemental jurisdiction over Petitioner's state law claim of negligence, which may be barred by the statute of limitations. See Schneller v. Crozer Chester Med. Ctr., 387 F. App'x 289, 294 (3d Cir. 2010) (explaining that because the plaintiff's federal claims were dismissed, the district court did not abuse its discretion by refusing to exercise supplemental jurisdiction over the state law negligence claims and that, regardless, the state law claims were barred by the governing two-year statute of limitations).

[5] The court outlined Petitioner's three strikes as follows:

> In the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 07-0743 was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii),

### C. The Court lacks jurisdiction to hear the claims as a petition for writ of habeas corpus because it is a successive petition.

As discussed, because the instant claims are based on alleged Brady violations, they are only cognizable in habeas. See Skinner, 562 U.S. 521.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires applicants to receive permission from the court of appeals prior to filing second or successive federal habeas applications." Panetti v. Quarterman, 551 U.S. 930, 963 (2007) (citing 28 U.S.C. § 2244(b)(3)); Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005). When a petitioner does not have authorization from the court of appeals to file a second or successive petition, the district court does not have jurisdiction to entertain it. See Burton v. Stewart, 549 U.S. 147, 153 (2007).

Petitioner previously filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 addressing the conviction at issue here and seeking the sealed grand jury notes. See Wells, 392 F. App'x at 919, aff'g Wells v. Varner, No. 2:03-cv-00727 (E.D. Pa. Aug. 8, 2003). Accordingly, this action must be construed as a successive habeas corpus petition. See Wells v. King, No. 2:06-cv-3411 (E.D. Pa. June 24, 2006) (construing Petitioner's Rule 60(b) motion, which sought discovery of the grand jury materials at issue in this case and alleged fraud on the

---

by order dated October 31, 2007 and Civil Action No. 06-1710 was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (i)-(iii), by order dated May 17, 2006. Mr. Wells appealed the dismissal of the latter action, and the United States Court of Appeals for the Third Circuit dismissed Mr. Wells' appeal pursuant to 28 U.S.C. § 1915(e)(2), by order filed in the Court of Appeals April 20, 2007 in Civil Action No. 06-2860. These three dismissals of actions or appeals serve as Mr. Wells' "three strikes" under 28 U.S.C. § 1915(g). Ali v. Howard, et al., 353 F. App'x 667, 668 (3d Cir. 2009).

Wells, 2011 U.S. Dist. LEXIS 39513 at *2 n.1.

court in regards to the same, as a successive habeas petition and dismissing it as an unauthorized petition).

The Court cannot consider the instant petition unless Petitioner first obtains permission from the Court of Appeals to file a successive habeas petition. On November 3, 2011, the Third Circuit Court of Appeals denied Petitioner's application[6] for leave to file a successive habeas petition. See In re Rodney Wells, No. 11-3587 (3d Cir. Nov. 3, 2011). In 2013, the Third Circuit Court of Appeals again denied Petitioner's request[7] for leave to file a successive petition. See In re: Rodney Wells, No. 13-3849 (3d Cir. Sept. 24, 2013). Therefore, the Court does not have jurisdiction to consider Petitioner's claims under habeas.

## IV. CONCLUSION

For the reasons set forth herein, the Petition is dismissed.

A separate Order will be issued.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

---

[6] Petitioner requested leave to file a successive habeas petition based on, inter alia, alleged due process violations regarding the sealed grand jury evidence.

[7] In his motion seeking leave to file a successive petition, Petitioner claimed, inter alia, that the PCOA charge was fraudulent based on the alleged lack of an affidavit of probable cause or arrest warrant documents, which are among the sealed documents he seeks in this case.